IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF DOUGLAS J. GARDNER, BAR NO. 4609.

No. 83062

FILED

SEP 24 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

*ORDER OF SUSPENSION*

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that attorney Douglas J. Gardner be suspended from the practice of law in Nevada for 18 months, based on violations of RPC 1.3 (diligence), RPC 1.4 (communication), and RPC 1.16(d) (terminating representation), to run consecutively with a 21-month suspension in Docket No. 77063, based on breach of probation conditions. Because no briefs have been filed, this matter stands submitted for decision based on the record. SCR 105(3)(b).

This matter concerns two grievances. The first was a client grievance concerning Gardner's representation in an estate matter. The State Bar initiated the second one in regard to Gardner's noncompliance with the discipline order from *In re Discipline of Gardner*, Docket No. 77063 (Order Approving Conditional Guilty Plea Agreement, Nov. 9, 2018), in which we suspended Gardner for 24 months, with 21 of those months stayed subject to certain probation conditions.

21-27586

The State Bar has the burden of showing by clear and convincing evidence that Gardner committed the violations charged. *In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995). Here, however, the facts and charges alleged in the complaints are deemed admitted because Gardner failed to answer the complaints and a default was entered.[1] SCR 105(2). The record therefore establishes that Gardner violated the above-referenced rules by failing to communicate with the client about the status of her case and failing to terminate representation and return the client's file after allowing the case to linger for over six years without activity, resulting in the client failing to meet her obligations as personal representative and having to obtain new counsel to close the estate. The record further establishes that, by not providing the State Bar with: (1) proof that he paid the roughly $22,000 in restitution ordered; (2) complete quarterly reports on his trust account activity; and (3) proof of additional CLE attendance, Gardner failed to fully comply with the conditions of the stayed portion of the suspension in Docket No. 77063.

Turning to the discipline, we review the hearing panel's recommendation de novo. SCR 105(3)(b). In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

---

[1]Gardner appeared at the initial case conference to discuss discovery and other procedural or administrative issues and offered mitigation evidence at the disciplinary hearing.

Gardner knowingly violated duties owed to his client of communication and diligence. The client suffered actual injury as her estate matter lingered unreconciled for years, Gardner refused to return her file, and she had to obtain new counsel to close the estate and comply with court directives. Also, Gardner has not satisfied his restitution obligations for his earlier misconduct. The baseline sanction for his misconduct, before considering aggravating and mitigating circumstances, is suspension. *See* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 4.42 (Am. Bar Ass'n 2017) ("Suspension is generally appropriate when . . . a lawyer knowingly fails to perform services for a client and causes injury . . . to a client").

The record supports the hearing panel's findings of five mitigating circumstances (absence of dishonest or selfish motive, personal or emotional problems, cooperative attitude, physical disability, and remorse) and four aggravating circumstances (prior discipline, multiple offenses, vulnerable victim, and substantial experience in the practice of law). Having considered the four *Lerner* factors, we agree with the panel that suspension is appropriate for Gardner's RPC violations and that the stayed portion of his suspension from his earlier disciplinary matter should be imposed based on his breach of probationary terms.

Accordingly, as to the misconduct related to his estate matter client, we hereby suspend Douglas J. Gardner from the practice of law in Nevada for 18 months. This suspension shall run consecutively to the remaining 21-month suspension we impose as a result of Gardner's failure to comply with the probation conditions in Docket No. 77063. The 21-month suspension from Docket No. 77063 shall commence from the date of this

SUPREME COURT
OF
NEVADA

(O) 1947A

order. Gardner shall also pay $2,000 in restitution to Njemile Sauda as outlined in the hearing panel's recommendation. Further, Gardner shall pay the costs of the disciplinary proceedings, including $2,500 under SCR 120, within 30 days of the date of this order.

It is so ORDERED.

_____, C.J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Cadish

_____, J.
Silver

_____, J.
Pickering

_____, J.
Herndon

cc:  Douglas J. Gardner
     Chair, Southern Nevada Disciplinary Board
     Bar Counsel, State Bar of Nevada
     Executive Director, State Bar of Nevada
     Admissions Office, U.S. Supreme Court